UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RODRIGUEZ CASTRO,

Petitioner,

v. Case No.: 2:26-cv-02171-SPC-KRH

DAVID HARDIN *et al.*,

Respondent.

_______________________________/

**OPINION AND ORDER**

Before the Court are Billy Rodriguez Castro's Motion for a Supplemental Ruling Pursuant to Federal Rule of Civil Procedure 54(b) (Doc. 9), the federal government's response (Doc. 11), and Rodriguez Castro's reply (Doc. 12).

Rodriguez Castro is a noncitizen in immigration detention. The Court granted his habeas petition and ordered the government to bring him before an immigration judge for a bond hearing. On August 15, 2026, an immigration judge found that DHS proved Rodriguez Castro posed a danger to the community and a flight risk and denied his request for release on bond. Rodriguez Castro argues the bond hearing did not comply with the Court's order. The Court disagrees. The bond order includes a thorough analysis of the evidence and the factors enumerated in *Matter of Guerra*, 24 I&N Dec. 34 (BIA 2006), and the immigration judge put the burden of proof on the government. The proper way to challenge the result of a bond hearing is appeal

to the Board of Immigration Appeals. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

Rodriguez Castro also argues the Court failed to adjudicate his due process claim, and he asks the Court to revise its judgment to order immediate release. Again, the Court disagrees. The Court squarely addressed the due process claim, applied the framework set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), considered the duration of Rodriguez Castro's detention, and ruled in his favor. If Rodriguez Castro believes the Court ordered the wrong form of relief, the proper avenue to challenge the result of this action is appeal to the Eleventh Circuit. If he believes his detention has become unlawful for a reason not raised and adjudicated in this case, he may file a new habeas petition.

Accordingly, Rodriguez Castro's motion (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, FL on September 17, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record